IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RODRIC D. COHNS                                                                             PLAINTIFF
ADC #131216

v.                                          4:24-cv-00376-BRW-JJV

QUINTIN MIXON,
Captain, Cummins Unit; *et al.*                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   INTRODUCTION**

Rodric D. Cohns ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). He has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983.

**II.  SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

### III.  ALLEGATIONS

Plaintiff says Defendants Captain Quintin Mixon, Lieutenant Curry Branham, Sergeant William Taylor, and Warden Gary Musselwhite subjected him to inhumane conditions of confinement and violated his due process rights while he was on suicide watch from September 28, 2023 to October 2, 2023. (Doc. 2.) Plaintiff brings these claims against Defendants in their official and individual capacities. And he seeks injunctive relief as well as monetary damages. After careful consideration, I conclude the Complaint fails to plead a plausible claim for relief for the following reasons.

First, because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to plead a plausible Eighth Amendment claim, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendant was deliberately indifferent to that risk of harm. *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). Deliberate indifference is "a stringent standard of fault" that is much higher than

negligence. *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010). It requires "proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).

Plaintiff says that, while he was on suicide watch for four days, he was housed in a "video visit holding cell" where inmates in general population could see his bare bottom through the partially opened back of his suicide gown. (Doc. 2 at 4.) As a result, Plaintiff says he was embarrassed and verbally harassed by other inmates. But prisoners do not have a constitutional right to privacy from being seen in the nude. *See Hill v. McKinley*, 311 F.3d 899, 903-04 (8th Cir. 2002). And the type of verbal harassment Plaintiff allegedly endured does not rise to the level of a constitutional violation. *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 759 (8th Cir. 2001).

Similarly, Plaintiff's says his cell did not have a sink, toilet, or running water; there was bodily waste on the floor; and that he had to sleep on a mat on the floor without a rack. But enduring such conditions for only four days does not satisfy the first element of an objectively serious deprivation. *See, e.g., Frye v. Pettis Cnty. Sheriff Dep't*, No. 02-1809, 2002 WL 17269194 (8th Cir. July 26, 2002) (no constitutional violation when a pretrial detainee was confined, for ten weeks, in a cell with a toilet that leaked both sewage and water, and the detainee only received blankets to help absorb the filth); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was held, for four days, in a cell with an overflowing toilet that leaked raw sewage); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (holding that placement in a strip cell for four consecutive days without clothing, a mattress, or bedding was not a constitutional violation).

Finally, Plaintiff claims sleeping on the floor caused him to get a hernia. But there is no evidence any of the Defendants subjectively knew, with deliberate indifference, that sleeping on the floor would cause such an injury. *See Washington v. Denney*, 900 F.3d 549, 560 (8th Cir.

3

2018) (to rise to the level of deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Kulkay v. Roy*, 847 F.3d 637, 645 (8th Cir. 2017) ("An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment). And Plaintiff admits he was taken to the emergency room once his hernia was discovered. For these reasons, I conclude he has failed to plead a plausible conditions of confinement claim against Defendants.

Second, Plaintiff says on September 29, 2023, Defendants put him on behavior control status for tearing open his mattress and getting inside "to cover my nakedness."[1] (Doc. 2 at 5.) Plaintiff says claims putting him on behavior control status without the Warden's approval violated ADC policy and his due process rights. And he claims a hearing officer later found him not guilty of the disciplinary charges. But prisoners do not have a constitutional right to enforce compliance with internal prison rules and regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Further, prisoners have a right to receive procedural due process only if there is a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484–485 (1995). Specifically, a prisoner must provide facts suggesting the conditions there were an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *Id.* at 484; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). Because he has not

---

[1] Plaintiff actually says this was an Eighth Amendment violation. But the Eighth Circuit has rejected that argument. *See Phill*ips, 320 F.3d at 848 (holding that thirty-seven days in punitive isolation, which included the suspension of contact visitation, exercise privileges, and religious services, was not an Eighth Amendment violation). Because he is proceeding *pro se*, I have given Plaintiff the benefit of the doubt by also construing this as an attempt to raise a Fourteenth Amendment due process violation.

done so, Plaintiff has also failed to plead a plausible due process claim. *See Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship"); *Ballinger v. Cedar Cnty, Mo.*, 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction). And the fact that Plaintiff was found not guilty of the charges does not change that outcome. *See Sanders v. Norris*, No. 05-2398, 2005 WL 2861952, *1 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996). Accordingly, I conclude he has not pled a plausible due process claim.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a plausible claim, and the case be CLOSED.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE